# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OSVALDO R. PANCARO, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. |
| | :   1:10-CV-2004-RWS |
| OCWEN LOAN SERVICING, | : |
| LLC, *et al.*, | : |
| | : |
|     Defendants. | : |

## **ORDER**

This case is before the Court for consideration of Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss [2].  The Motion is unopposed. After review of the record, the Court enters the following Order.

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The Court may consider

evidence outside the pleadings that is undisputedly authentic and on which the Plaintiff has relied in the Complaint. Harris v. Avax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Plaintiff Osvaldo R. Pancaro ("Plaintiff") and his wife, Magdalena Fuste Pancaro ("Ms. Pancaro") obtained a mortgage loan (the "subject loan") to refinance a prior mortgage loan secured by property located at 115 Shaker Hollow, Alpharetta, Georgia 30022 (the "subject property"). To secure repayment of the subject loan, Plaintiff and Ms. Pancaro executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as

nominee for the lender and its successors and assignees. MERS assigned its interest in the subject property to Ocwen.

Plaintiff filed the present suit on April 30, 2010, in the Superior Court of Fulton County. On June 28, 2010, Ocwen removed the case to this Court. In the suit, Plaintiff seeks to recover for a violation of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"). He seeks damages against Ocwen and to rescind his loan.

Ocwen seeks dismissal on several grounds. First, Ocwen asserts that Plaintiff has failed to properly serve Ocwen. The only attempt to serve Ocwen was by mailing and faxing the Complaint to Weissman, Nowack, Curry & Wilco, P.C. (the "Weissman law firm"). The Weissman law firm is not a registered agent for Ocwen. Thus, Ocwen has never been properly served with the Complaint, and this Court has no jurisdiction over Ocwen.

Ocwen also asserts that HOEPA only applies to loans with an extremely high interest rate. Plaintiff has failed to allege facts that would support a finding that the loan in issue is covered by HOEPA. Therefore, Plaintiff has failed to state a claim for relief under HOEPA. Finally, Ocwen asserts that a claim under HOEPA is barred by the applicable statute of limitations. Actions alleging HOEPA violations must be brought within one (1) year of the date of

the occurrence of the violation.  15 U.S.C. § 1640.  Plaintiff obtained the subject loan on September 2, 2008.  Plaintiff did not file the present law suit until April 30, 2010, nearly seven (7) months after the statute of limitations had run.  Therefore, Plaintiff's claims are barred by the statue of limitations.

Based on the foregoing, Ocwen's Motion to Dismiss [2] is hereby **GRANTED**.  Because Ocwen is the only Defendant identified in the case, the Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this  16th  day of August, 2010.

_____
**RICHARD W. STORY**
United States District Judge